IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marcus Brown, :
               Petitioner :
  :
      v. : No. 605 C.D. 2020
  : Submitted: December 18, 2020
Pennsylvania Parole Board, :
               Respondent :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                FILED: March 9, 2021

        Marcus Brown, an inmate confined at the State Correctional Institution (SCI) at Mercer, petitions for review of an adjudication of the Pennsylvania Parole Board (Board) recommitting him to serve 18 months' backtime as a convicted parole violator and recalculating his maximum sentence date to November 6, 2037. His counsel, Jessica A. Fiscus, Esquire (Counsel),[2] has filed an application to withdraw her appearance based on her assessment that Brown's appeal lacks merit. For the following reasons, we grant Counsel's application to withdraw and affirm the Board's order.

        On August 19, 1997, Brown pleaded guilty in Allegheny County to the charges of third-degree murder, criminal attempt to commit homicide and robbery. He was sentenced to a term of imprisonment of 12 to 40 years in an SCI, with a maximum sentence date of August 19, 2037.

---

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] Counsel is an assistant public defender in Erie County.

Brown was paroled on December 22, 2014, to a community corrections center. On April 14, 2015, Brown was released from the community corrections center to an approved home plan in Erie, Pennsylvania. Brown vacated his apartment on October 31, 2017, and his approved residence was changed to a shelter.

On October 30, 2018, parole officers searched Brown's residence based on a tip from a confidential informant. They found a rifle, which Brown admitted was his. Brown was charged with unlawful possession of a firearm under Section 6105(a)(1) of the Pennsylvania Uniform Firearms Act of 1995 (Uniform Firearms Act), 18 Pa. C.S. §6105(a)(1). Bail on the new charge was set at $25,000 cash. Also, on October 30, 2018, the Board issued a detainer warrant. On November 30, 2018, Brown's bail was modified to $25,000 unsecured.

On January 29, 2019, the charge under Section 6105(a)(1) of the Uniform Firearms Act was withdrawn, and Brown entered a guilty plea to the amended charge of carrying a firearm without a license under Section 6106(a)(1) of the Uniform Firearms Act, 18 Pa. C.S. §6106(a)(1). The Court of Common Pleas of Erie County (trial court) sentenced him to three to six years in an SCI. The trial court ordered that "[c]onfinement is Concurrent with Unknown – any other sentence(s) [Brown] is currently serving." Certified Record at 43.

On February 8, 2019, the Board notified Brown that it would hold a revocation hearing due to his new conviction. He waived his rights to counsel and a revocation hearing. On March 22, 2019, the Board recommitted Brown to serve 18 months' backtime as a convicted parole violator and, in its discretion, awarded him credit for his time spent at liberty on parole. His maximum sentence date was recalculated to November 6, 2037.

2

Brown, *pro se*, filed an administrative remedies form challenging the recalculation of his sentence, which he argued did not account for the trial court's order that his new criminal sentence run concurrently with any other sentence. Thus, Brown argued, the Board should not have recalculated his maximum sentence date. On May 21, 2020, the Acting Board Secretary responded that Section 6138(a)(5) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §6138(a)(5), prohibits a convicted parole violator from serving a new sentence concurrently with his original sentence. Based on its conclusion that Brown's claim is prohibited by statute, the Board affirmed its March 22, 2019, decision.

Brown, now represented by Counsel,[3] filed a petition for review in this Court, reiterating his claim that his new sentence and the backtime on his original sentence should run concurrently. Counsel subsequently filed her application to withdraw, along with a no-merit letter asserting that Brown's claim lacks merit.

When evaluating an attorney's application to withdraw from representation of a parolee who challenges a revocation decision, we must determine whether counsel has (1) notified the parolee of the application to withdraw; (2) provided the parolee with a copy of a no-merit letter in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); and (3) advised the parolee of his right to retain new counsel or file a brief on his own behalf. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). The no-merit letter must detail the extent of counsel's review and explain why the parolee's claim is meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth.

---

[3] The Chief Public Defender of Erie County filed the petition for review. The Chief Public Defender subsequently withdrew her appearance, and Counsel entered her appearance on behalf of Brown.

2009). If counsel has fully complied with the technical requirements for withdrawal, the Court will independently review the merits of the parolee's claims.

Here, the record reflects that Counsel has notified Brown of the application to withdraw; has provided him with a copy of the no-merit letter that details Counsel's review of the issue and the reasons why Counsel concluded the issue is meritless; and has advised Brown of his right to retain new counsel or to file a brief on his own behalf.[4] Accordingly, we conclude that Counsel has satisfied the technical requirements for withdrawal of representation.

Turning to our review of the merits,[5] we consider Brown's claim that the Board erred in recalculating his maximum sentence date because his recommitment sentence must run concurrently with his new criminal sentence, in accordance with the trial court's order. Counsel asserts in her no-merit letter that the issue raised by Brown is meritless because it is prohibited by statute. We agree.

We begin with Section 6138(a)(5)(i) of the Parole Code, which provides, in relevant part:

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

---

[4] Brown has not obtained new counsel or filed a brief on his own behalf.

[5] In reviewing an adjudication of the Board, this Court must determine whether necessary findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Johnson v. Pennsylvania Board of Probation and Parole*, 706 A.2d 903, 904 (Pa. Cmwlth. 1998).

4

61 Pa. C.S. §6138(a)(5)(i). In *Palmer v. Pennsylvania Board of Probation and Parole*, 134 A.3d 160 (Pa. Cmwlth. 2016), this Court applied Section 6138(a)(5)(i) in the context of a parolee's claim that is similar to Brown's.

The parolee in *Palmer* was charged with aggravated assault and negotiated a plea deal to serve 15 to 30 months in an SCI. The plea agreement, accepted by the sentencing court, stated that his sentence was to run concurrently to any sentence he was serving while on parole. At the parolee's revocation hearing, his counsel stated that the Board would not object to running the sentences concurrently. The parolee's parole agent stated that he had no objection to counsel's statement. However, when the Board issued its decision, it refused to honor the plea agreement that the parolee serve his backtime concurrently with his new sentence.

The parolee petitioned for this Court's review. He argued that the Board was obligated to accept the plea agreement he made with the district attorney, which was accepted by the sentencing court. We disagreed, holding that "Section 6138(a)(5) of the [Parole] Code … requires that [convicted parole violators] serve the backtime on their original state sentence before they can begin to serve time on a newly imposed state sentence." *Palmer*, 134 A.3d at 165. As such, "the Board may not impose backtime to run concurrently with a new sentence for an offense committed while on parole." *Id.* We rejected the parolee's reliance on his plea agreement, explaining that "any agreement with [the parolee] indicating that his new criminal sentence would run concurrently with his backtime was invalid." *Id*. We further explained that if the parolee accepted the plea agreement in reliance on being able to serve his sentences concurrently, the "proper remedy is to seek to vacate the plea agreement in the [sentencing] court." *Id.* at 166. Moreover, "[b]ecause neither the [sentencing] court nor the Board could order [the parolee's] backtime and new

5

sentence to run concurrently, any agreement indicating that the Board would even consider doing that would render [the parolee's] plea agreement void." *Id.*

In sum, because a convicted parole violator must serve his new sentence and the backtime on his original sentence consecutively, we agree with Counsel that Brown's issue on appeal lacks merit, and the Board did not err in denying Brown's administrative appeal. Further, our review indicates that the Board correctly calculated Brown's maximum sentence date.[6] Accordingly, we grant Counsel's application to withdraw and affirm the Board's order.

_____
MARY HANNAH LEAVITT, President Judge

---

[6] On October 30, 2018, when Brown was arrested on the new criminal charge, he had 6,868 days remaining on his original sentence. Brown was incarcerated on the new charge from October 30, 2018, through November 30, 2018, when his bail was modified to unsecured. Thus, from November 30, 2018, through his sentencing on January 29, 2019, Brown was incarcerated solely on the Board's warrant. This entitled him to a credit of 60 days on his original sentence, reducing it to 6,808 days. *See Gaito v. Pennsylvania Board of Probation and Parole*, 563 A.2d 545, 547 (Pa. Cmwlth. 1989) ("Time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term only when the parolee was eligible for, and had satisfied, bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant against him."). From January 29, 2019, until he was returned to the Board's custody on March 18, 2019, he was serving his new sentence. Adding 6,808 days to the date Brown was returned to the Board's custody yielded a new maximum sentence date of November 6, 2037.

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marcus Brown,                           :
              Petitioner      :
                                :
       v.                               :   No. 605 C.D. 2020
                                :
Pennsylvania Parole Board,               :
              Respondent      :

## **O R D E R**

AND NOW, this 9th day of March, 2021, the application to withdraw appearance, filed by Jessica A. Fiscus, Esquire, is GRANTED, and the Pennsylvania Parole Board's May 21, 2020, order is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge